**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

RUBEN WASHINGTON, JR.,            )
                                  )
         Plaintiff,               )
   v.                             )     NO. 2:17-CV-274
                                  )
TRADE WINDS,                      )
                                  )
         Defendant.               )

## OPINION AND ORDER

This matter is before the Court on the Employment Discrimination Complaint and Motion to Proceed In Forma Pauperis filed by the plaintiff, Ruben Washington, Jr. ("Plaintiff"), on June 28, 2017. (DE #1 & DE #2.) For the reasons set forth below, Plaintiff's Motion to Proceed In Forma Pauperis (DE #2) is **DENIED**. This Court **GRANTS** Plaintiff to and including August 7, 2017, to pay the $400.00 filing fee and **CAUTIONS** him that if he does not respond by that date, this case may be dismissed without further notice for non-payment of the filing fee.

The *in forma pauperis* ("IFP") statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. See 28 U.S.C. section 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court must make two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See 28 U.S.C. section 1915(e)(2); *Denton*,

504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. See *Smith-Bey*, 841 F.2d at 757.

In this case, as to the financial prong of the analysis, Plaintiff, who is not married and does not support any children or adults, indicates that he is employed and receives $1,500.00 a month from his employer. (DE #2.) He also indicates that he receives $802.08 per month from a Cook County pension fund and $776.60 a month in Social Security Disability benefits. (*Id.*) He claims to have $60.00 in cash on hand and/or in deposit accounts and zero dollars worth of real estate, cars, jewelry, stocks, bonds, or other investments. (*Id.*)

The federal poverty guideline for a household of one is $12,060. HHS POVERTY GUIDELINES, 82 Fed. Reg. 8831-32 (Jan. 31, 2017). The annualized value of Plaintiff's employment income of $18,000, by itself, is well above the federal poverty guideline, and this does not take into consideration the supplemental reported income from his pension and disability benefits. Thus, the Court finds that Plaintiff is not financially eligible to proceed IFP in this case, and the motion must be **DENIED** on that basis.[1]

---

[1] The Court finds it curious that Plaintiff reports $1,500 a month in employment income but also states that he receives $776.60 in Social Security Disability benefits. It would seem that Plaintiff's monthly employment income is above the Substantial Gainful Activity limitation for individuals with disabilities, other than blindness, which is $1,170 for 2017. See Social Security, Determinations of Substantial Gainful Employment (June 28, 2017, 3:37 PM), https://www.ssa.gov/oact/cola/sgadet.html.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Proceed In Forma Pauperis (DE #2) is **DENIED**.  This Court **GRANTS** Plaintiff to and including August 7, 2017, to pay the $400.00 filing fee and **CAUTIONS** him that if he does not respond by that date, this case may be dismissed without further notice for non-payment of the filing fee.


**DATED: July 7, 2017**　　　　　　　　　　**/s/RUDY LOZANO, Judge**
　　　　　　　　　　　　　　　　　　　　**United States District Court**